WILLIAM F. TARANTINO (CA SBN 215343)
WTarantino@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
HENKEL CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CLAUDINE MACASPAC, on behalf of herself, all others similarly situated, and the general public,

Plaintiff,

v.

HENKEL CORPORATION, a Delaware corporation,

Defendant.

Case No. '17CV1755 H BLM

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

**[**San Diego County Superior Court Case No. 37-2017-00027801-CU-FR-CTL**]**

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Defendant HENKEL CORPORATION ("Henkel"), hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for Southern District of California. The grounds for removal are as follows:

1. On July 28, 2017, Claudine Macaspac ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Diego, against Henkel, Case No. 37-2017-00027801-CU-FR-CTL (the "Complaint"). Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

2. Exhibit A constitutes all the process, pleadings, and orders provided by counsel for Plaintiff to counsel for Henkel, which are hereby incorporated by reference.

3. On July 31, 2017, the Complaint was hand-delivered to Henkel's registered agent for service of process. Accordingly, this Notice of Removal is timely, as it is filed within thirty (30) days of Henkel's receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

## REMOVAL IS PROPER UNDER CAFA[1]

4. This action is a civil action which may be removed to this Court by Henkel pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, and 1453.

5. The Complaint was filed by Plaintiff on behalf of a putative class, defined as:

[1] This Notice of Removal is based on the allegations in the Complaint, and is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

> All California residents who made retail purchases of Purex Crystals products in containers made, formed or filled as to be misleading and with non-functional slack-fill, during the applicable limitations period up to and including final judgment in this action.

(Compl. ¶ 31.)

6. The Complaint alleges that Henkel "…intentionally incorporated non-functional slack-fill in its packaging of the Purex Crystals product in order to mislead consumers, including Plaintiff and Members of the Class." (Compl. ¶ 17.)

7. The Complaint asserts three causes of action: (i) violation of California's Consumer Legal Remedies Act, (ii) violations of California's Unfair Competition Law (unlawful, unfair and fraudulent practices), and (iii) violations of California's False Advertising Law. The Complaint seeks restitution of the purchase price for all of the class members' purchases of the products. (Compl. ¶¶ 55, F.)

8. CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a State different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000. Each of these requirements is met here.

9. The Declaration of Brian Quinn in Support of Notice of Removal ("Quinn Declaration") is being filed concurrently with this Notice of Removal.

**NUMEROSITY**

10. California residents purchase the Products referenced in the Complaint at retailers throughout California and online. The Products have been sold in California over the past four years (Quinn Decl. ¶ 4.)

11. The Complaint alleges that the class consists of California residents who purchased any of the applicable Purex Crystals products over the past four years. (Compl. ¶ 31.)

12. Based on Henkel's sales data, and the Complaint's allegations, the number of proposed class members is not less than 100. (*See* Quinn Decl. ¶ 4.)

**MATTER IN CONTROVERSY IN EXCESS OF $5,000,000**

13. Where a complaint does not specify the amount of damages sought, the removing defendant bears the burden of establishing the amount in controversy by a "preponderance of the evidence." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (sufficient evidence shows "more likely than not" that jurisdictional minimum is met). "The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties) not whether the plaintiff is likely to win or be awarded everything." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

14. CAFA provides that, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

15. In the Complaint, Plaintiff seeks restitution to the Class of all money paid for the Products and the restore those funds to class members (Compl. ¶¶ 55, F).

16. Based upon Henkel's sales data, class members have spent in excess of $5,000,000 on the Products over the applicable period. (Quinn Decl. ¶ 5.)

17. Accordingly, based on the Complaint's allegations and Henkel's sales data, the $5,000,000 amount in controversy requirement is satisfied here, exclusive of interest and costs.

**DIVERSITY OF CITIZENSHIP**

18. As alleged in the Complaint, Plaintiff resides in the State of California. (Compl. ¶ 11.) Plaintiff also seeks to represent a class of California residents. (Compl. ¶ 31.) Henkel is informed and believes that Plaintiff is a California resident.

19. Henkel is a Delaware corporation that has its principal place of business in Arizona. (Quinn Decl. ¶ 6.) Thus, Henkel is a citizen of Delaware and Arizona.

20. Accordingly, the "minimal diversity" requirement under CAFA—*i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant"—is satisfied for purposes of removal of this action. 28 U.S.C. § 1332(d)(2)(A).

21. This action does not fall within any of the exclusions in 28 U.S.C. §§ 1332(d) and 1446 because Henkel is not a citizen of the forum state of California.

22. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441, and 1453.

23. Counsel for Henkel certifies, pursuant to 28 U.S.C. § 1446(d), that it will promptly give notice of filing of this Notice of Removal to Plaintiff through Plaintiff's counsel of record and will promptly file with the Clerk of the Superior Court of the State of California, County of San Diego, a copy of this Notice of Removal.

Dated: August 30, 2017 MORRISON & FOERSTER LLP

By: /s/ William F. Tarantino
William Tarantino
WTarantino@mofo.com

Attorneys for Defendant
HENKEL CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2017, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

/s/ William F. Tarantino
William F. Tarantino
WTarantino@mofo.com