# Exhibit A



**null / ALL**
**Transmittal Number: 16953247**
**Date Processed: 08/01/2017**

# Notice of Service of Process

| Primary Contact: | Christopher Signorello<br>Henkel of America, Inc.<br>One Henkel Way<br>Rocky Hill, CT 06067 |
|---|---|

| | |
|---|---|
| **Entity:** | Henkel Corporation<br>Entity ID Number  2777609 |
| **Entity Served:** | Henkel Corporation |
| **Title of Action:** | Claudine Macaspac vs. Henkel Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2017-00027801-CU-FR-CTL |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 07/31/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ronald A. Marron<br>619-696-9006 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HENKEL CORPORATION, a Delaware corporation

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/28/2017** at 12:38:30 PM
Clerk of the Superior Court
By Laura Melles, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CLAUDINE MACASPAC, on behalf of herself, all others similarly
situated, and the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso)*. 37-2017-00027801-CU-FR-CTL |
| San Diego Superior Court | |
| 330 West Broadway, San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald A. Marron, 651 Arroyo Drive, San Diego, CA 92103 (619)696-9006

| DATE: 07/31/2017 | Clerk, by | *L. Melles* | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Henkel Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/31/17

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

1  **LAW OFFICES OF RONALD A. MARRON**
   RONALD A. MARRON (SBN 175650)
2  *ron@consumersadvocates.com*
   MICHAEL HOUCHIN (SBN 305541)
3  mike@consumersadvocates.com
   ADAM BELSEY (SBN 314968)
4  adam@consumersadovcates.com
5  651 Arroyo Drive
   San Diego, California 92103
6  Telephone: (619) 696-9006
7  Facsimile: (619) 564-6665
   *Attorneys for Plaintiff and the Proposed Class*
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/28/2017** at 12:38:30 PM

Clerk of the Superior Court
By Laura Melles,Deputy Clerk

9
10          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

              **IN AND FOR THE COUNTY OF SAN DIEGO**
11
12
   CLAUDINE MACASPAC, on behalf of          Case No.  37-2017-00027801-CU-FR-CTL
13 herself, all others similarly situated, and the
   general public,                         CLASS ACTION
14
15                         Plaintiff,       **COMPLAINT FOR:**
                    vs.
16                                          1. **VIOLATIONS OF THE**
   HENKEL CORPORATION, a Delaware              **CONSUMERS LEGAL REMEDIES**
17 corporation,                                **ACT, CAL. CIV. CODE §§ 1750,** *et*
                                              *seq.*
18                         Defendant.
19                                          2. **VIOLATIONS OF THE UNFAIR**
                                              **COMPETITON LAW, CAL. BUS. &**
20                                            **PROF. CODE §§ 17200,** *et seq.*
21
22                                          3. **VIOLATIONS OF THE FALSE**
                                              **ADVERTISING LAW, CAL. BUS. &**
23                                            **PROF. CODE §§ 17500,** *et seq.*
24
25
26
27
28

                        CLASS ACTION COMPLAINT

**INTRODUCTION**

1. The average consumer spends a mere 13 seconds making an in-store purchasing decision, or between 10 to 19 seconds for an online purchase.[1] That decision is heavily dependent on a product's packaging, and particularly the package dimensions: "Shoppers make decisions heuristically – based on shortcuts using inferences and incomplete data," "[p]eople assume the larger box is a better value."[2] This lawsuit charges Defendant with intentionally packaging its "Purex Crystals" product in large opaque containers that contain approximately 30% empty space. Consumers, in reliance on the size of the containers, purchased the Purex Crystals product, which they would not have purchased had they known that the containers were substantially empty.

2. Claudine Macaspac ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive actions of Henkel Corporation ("Defendant" or "Henkel") with respect to the packaging of its Purex Crystals product. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. Defendant sells the Purex Crystals product as "an in-wash fragrance booster, which provides freshness that lasts for weeks. Use a little or a lot, directly in the laundry! Safe for all loads including towels, activewear, and children's sleepwear". On its website, Defendant states: "Purex® Crystals infuses your clothes with an extraordinary freshness that puts the finishing touch on your laundry and makes everyday a little more rewarding. With the exciting variety of fragrances Purex® Crystals offers, it's easy to find a fragrance to match every laundry occasion. Whether it's a relaxing freshness for your sheets or a more stimulatihng scent for you

[1]http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-your-brands-20-second-window.html (citing the Ehrenberg-Bass Institure of Marketing Science's report "Shopping Takes Only Seconds … In-Store and Online").

[2]http://www.consumerreports.org/cro/magazine/2015/09/packaging-downsizing-less-is-not-more/index.htm (quoting Mark Lang, Ph.D., professor of food marketing at Saint Joseph's University).

CLASS ACTION COMPLAINT

1 | and your family's activewear, Purex® Crystals has you covered. Have fun and try them all!"[3]



4.    Plaintiff purchased Defendant's Purex Crystals products in May, 2017 from a Walmart store located at 4840 Shawline St, San Diego, CA, for approximately $3.00.

5.    Plaintiff expected to receive a full container of the Purex Crystals product, which is packaged in non-transparent containers, as depicted above. Plaintiff was surprised and disappointed when she opened the Purex Crystals product to discover that the container had more than 30% empty space, or slack-fill. Had Plaintiff known about the slack-fill at the time of purchase, she would not have bought Defendant's product.

6.    A photograph of a newly opened container of the Purex Crystals "Oh So Chic- Oh So Fresh" is shown on the following page of this complaint.

---

[3] http://www.purex.com/products/fragrance-boosters/purex-crystals. Accessed on June 29, 2017.

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

6.    Plaintiff brings this action pursuant to Cal. Civ. Proc. Code § 382 and Cal. Civ. Code § 1781.

7.    Pursuant to Cal. Civ. Proc. Code § 410.10 and Article VI, § 10 of the California Constitution, this Court has subject matter jurisdiction over this action. The amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds the minimum jurisdictional amount for this Court.

8.    This Court has both general and specific personal jurisdiction over Defendant because it has affirmatively established and maintained sufficient contacts with the State of California; conduct significant business in California and otherwise intentionally avails itself of the markets in California; and is registered to do business in California. This Court has specific personal jurisdiction arising from Defendant's decision to sell the Product in California.

CLASS ACTION COMPLAINT

9.      This Court has specific personal jurisdiction arising from Defendant's decision to sell the Product in California. Defendant and other out of state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute, Cal. Civ. Proc. Code § 410.10, as a result of Defendant's substantial, continuous, and systematic contacts with this State, and because Defendant has purposely and sufficiently availed, and continue to avail, itself of the benefits, laws, privileges, and markets of this State through, *inter alia*, its promotion, sales, and marketing of its Product within this State so as to render the exercise of jurisdiction by this Court reasonable and proper.

10.     Venue is proper in this County pursuant to, among others, Cal. Civ. Code § 1780(c) because Defendant conducts significant business here, engage in substantial transactions in this County, and because many of the transactions and material acts complained of herein occurred in this County—including, specifically, the transactions between Plaintiff and Defendant, and many of the transactions between Defendant and the putative Class members, as defined herein.

## PARTIES

11.     Plaintiff Claudine Macaspac is a citizen of the State of California and resides in San Diego, California. Plaintiff purchased a Purex Crysals product for personal consumption during the last four years in San Diego, California. Plaintiff purchased the Product in reliance on Defendant's packaging in containers made, formed or filled as to be misleading and containing non-functional slack-fill. Had Plaintiff known the truth about Defendant's misrepresentations, she would not have purchased the Purex Crystals product.

12.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Henkel Corporation is a Delaware corporation with its principal place of business located in Rocky Hill, Connecticut. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant, at all times relevant, conducted business in the State of California and within the Southern District of California.

13.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by

CLASS ACTION COMPLAINT

fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

14.    At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Henkel Corporation and DOE Defendants will hereafter collectively be referred to as "Defendant").

## GENERAL ALLEGATIONS

**California Law Prohibits Non-funcional Slack-Fill**

15.    Many federal and state consumer protection and labeling laws prohibit deceptive packaging and labeling of products and commodities. In California, the Fair Packaging and Labeling Act ("CFPLA") "is designed to protect purchasers of any commodity within its provisions against deception or misrepresentation. Packages and their labels should enable consumers to obtain accurate information as to the quantity of the contents and should facilitate value comparisons." (California Business & Professions Code § 12601.)

16.    In this context, the CFPLA provides: "No container shall be made, formed, or filled as to be misleading. A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack fill." (California Business & Professions Code § 12606(b).) Section 12606(b) defines "nonfunctional slack fill" as "the empty space in a package that is filled to substantially less than its capacity for reasons other than any one or more of [among other things] the following:

(1) Protection of the contents of the package.

(2) The requirements of machines used for enclosing the contents of the package.

(3) Unavoidable product settling during shipping and handling.

(4) The need to utilize a larger than required package or container to provide adequate

- 6 -

space for the legible presentation of mandatory and necessary labeling information…

(5) The fact that the product consists of a commodity that is packaged in a decorative or representational container where the container is part of the presentation of the product and has value that is both significant in proportion to the value of the product and independent of its function to hold the product…

(6) An inability to increase the level of fill or to further reduce the size of the package…

(7) The product container bears a reasonable relationship to the actual amount of product contained inside, and the dimensions of the actual product container, the product, or the amount of product therin is visible to the consumer at the point of sale, or where obvious secondary use packaging is involved.

(8) The diminsions of the produt or immediate product container are visible through the exterior packaging…

(9) The presence of any headspace within an immediate product container necessary to facilitate the mixing, adding, shaking, or dispensing of liquids or powders by consumers prior to use.

(10) The exterior packaging contains a product delivery or dosing device if the device is visible…

(11) The exterior packaging or immediate product container is a kit that consists of a system, or multiple components…

(12) The exterior packaging of the product is routinely displayed using tester units or demonstrations to consumers in retail stores…

(13) The exterior packaging consists of single or multiunit presentation boxes of holiday or gift packages if the purchaser can adequately determine the quantity and sizes of the immediate product container at the point of sale.

(14) The exterior packagins is for a combination of one purchased product, together with a free sample or gift, wherein the exterior packaging is necessarily larger than it would otherwise be due to the inclusion of the sample or gift, if the presene of both products and the quantity of each product are clearly and conspicuously disclosed on the exterior

CLASS ACTION COMPLAINT

1      packaging.

2      (15) The exterior packaging or immediate product container encloses computer hardware

3      of software designed to serve a particular computer function..." (California Business &

4      Professions Code § 12606(b)(1)-(15).)

5      17.    None of the above safe-harbor provisions applies to the Purex Crystals product.

6  Defendant intentionally incorporated non-functional slack-fill in its packaging of the Purex

7  Crystals product in order to mislead consumers, including Plaintiff and Members of the Class.

8  **Defendant's Product Contains Non Functional Slack-Fill**

9      18.    Defendant's Purex Crystals product is sold in non-transparent containers. The

10  containers have significant slack-fill, as described below.

11      19.    Approximately 30% of the interior of the Purex Crystals container, which

12  concerns the product purchased by Plaintiff, is comprised of empty space, or non-functional

13  slack fill.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CLASS ACTION COMPLAINT

20.    Judging from the sizes of the container, a reasonable consumer would expect them to be substantially filled with product. Consumers are misled into believing that they are purchasing substantially more Purex Crystals product than they receive.

21.    There is no functional reason for including more than 30% slack-fill in the Purex Crystals product.

22.    Plaintiff is informed and believes, and upon such information and belief alleges, that consumers have relied upon, and are continuing to rely upon, the size of Purex Crystals product containers as the basis for making purchasing decisions. Consumers believe that the Purex Crystals product containers are substantially full because they cannot see the actual contents within the nontransparent container.

23.    Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is selling and will continue to sell the Purex Crystals products using these blatantly deceptive and misleading slack-filled containers.

24.    Defendant's packaging and advertising of the Purex Crystals products violate the CFPLA, as set forth above.

**Plaintiff Relied on Defendant's Misleading and Deceptive Conduct**

25.    The types of misrepresentations made, as described herein, were considered by Plaintiff and Class Members (as would be considered by a reasonable consumer) when deciding to purchase the Purex Crystals product. Reasonable consumers, including Plaintiff and Class Members, attached importance to whether Defendant's Purex Crystals products were misbranded, i.e., not legally salable, or capable of legal possession, and/or contain non-functional slack-fill.

26.    Plaintiff and the Class Members did not know, and had no reason to know that the Purex Crystals product contained non-functional slack-fill.

27.    Defendant's product packaging was a material factor in Plaintiff's and the Class Members' decisions to purchase the Purex Crystals product. Based on Defendant's product packaging, Plaintiff and the Class Members believed that they were getting more Purex Crystals product than was actually being sold. Had Plaintiff known Defendant's packaging was slack-

CLASS ACTION COMPLAINT

1    filled, she would not have bought the slack-filled Purex Crystals product.

2         28.    Plaintiff and the Class Members paid the full price of the Purex Crystals product

3    and received less Purex Crystals product than they expected due to the non-functional slack-fill

4    in the Purex Crystals products.

5         29.    There is no practical reason for the non-functional slack-fill used to package the

6    Purex Crystals products other than to mislead consumers as to the actual volume of the Purex

7    Crystals products being purchased by consumers.

8         30.    As a result of Defendant's misrepresentations, Plaintiff and thousands of others

9    throughout California purchased the Products. Plaintiff and the Class (defined below) have been

10   damaged by Defendant's deceptive and unfair conduct.

11   **CLASS ACTION ALLEGATIONS**

12        31.    Plaintiff brings this action on behalf of herself, all others similarly situated, and

13   the general public pursuant to Cal. Civ. Proc. Code § 382, Cal. Civ. Code § 1781, and Cal. Bus.

14   & Prof. Code § 17203. The proposed class is defined as follows:

15        All California residents who made retail purchases of Purex Crystals products in
16        containers made, formed or filled as to be misleading and with non-functional
          slack-fill, during the applicable limitations period up to and including final
17        judgment in this action.

18        32.    The proposed Class excludes current and former officers and directors of

19   defendant, Members of the immediate families of the officers and directors of Defendant,

20   Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has

21   had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

22        33.    Plaintiff reserves the right to revise the Class definition based on facts learned in

23   the course of litigating this matter.

24        34.    The Purex Crystals products sold by Defendant suffer from virtually the same

25   misleading product bottling, labeling and nonfunctional slack-fill.

26        35.    <u>Numerosity</u>: While the exact number and identities of other Class Members are

27   unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of

28   thousands of Members in the Class. Based on sales of the Purex Crystals products it is estimated

that the Class is composed of more than 10,000 persons. Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have thousands of Members. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

36.    Typicality: Plaintiff's claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

37.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that he has no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

38.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

39.    Common Questions Predominate: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

    i.    Whether Defendant labeled, packaged, marketed, advertised and/or sold Purex Crystals products to Plaintiff, and those similarly situated, using false, misleading and/or deceptive packaging and labeling;

    ii.    Whether Defendant's actions constitute violations of the CFPLA, California Business & Professions Code § 12601 et seq.;

iii.    Whether Defendant omitted and/or misrepresented material facts in connection with the labeling, packaging, marketing, advertising and/or sale of its Purex Crystals products;

iv.    Whether Defendant's labeling, packaging, marketing, advertising and/or selling of Purex Crystals products constituted an unfair, unlawful or fraudulent practice;

v.    Whether Defendant's packaging of the Purex Crystals products constituted nonfunctional slack-fill;

vi.    Whether, and to what extent, injunctive relief should be imposed on Defendant to prevent such conduct in the future;

vii.    Whether the Members of the Class have sustained damages as a result of Defendant's wrongful conduct;

viii.    The appropriate measure of damages and/or other relief; and

ix.    Whether Defendant should be enjoined from continuing its unlawful practices.

40.    The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude his maintenance of this matter as a Class action.

41.    The prerequisites to maintaining a class action for injunctive relief or equitable relief are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

42.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

43.    The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all Members of the Class,

- 12 -

1   although certain Class Members are not parties to such actions.

2   44.   Defendant's conduct is generally applicable to the Class as a whole and Plaintiff

3   seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendant's

4   systematic policies and practices make declaratory relief with respect to the Class as a whole

5   appropriate.

6   ### FIRST CAUSE OF ACTION

7   ## VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

8   ## CAL. CIV. CODE §§ 1750, *et seq.*

9   45.   Plaintiff realleges and incorporates herein by reference the allegations contained

10   in all preceding paragraphs, and further alleges as follows:

11   46.   Plaintiff brings this claim individually and on behalf of the Class for Defendant's

12   violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1761(d).

13   47.   Plaintiff and the Class Members are consumers who purchased the Purex Crystals

14   product for personal, family or household purposes. Plaintiff and the Class Members are

15   "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d). Plaintiff and the

16   Class Members are not sophisticated experts with independent knowledge of corporate branding,

17   labeling and packaging practices.

18   48.   The Purex Crystals products that Plaintiff and other Class Members purchased

19   from Defendant were "goods" within the meaning of Cal. Civ. Code § 1761(a).

20   49.   Defendant's actions, representations, and conduct have violated, and continue to

21   violate the CLRA, because they extend to transactions that intended to result, or which have

22   resulted in, the sale of goods to consumers.

23   50.   Defendant violated California law because the Purex Crystals products are

24   packaged in containers made, formed or filled as to be misleading and which contain non-

25   functional slack-fill, and because they are intentionally packaged to prevent the consumer from

26   being able to fully see their contents.

27   51.   California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5),

28   prohibits "Misrepresenting that goods or services have sponsorship, approval, characteristics,

- 13 -

ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it misrepresents that Purex Crystals products have quantities they do not have.

52.    Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it advertises goods as containing more product than they in fact contain.

53.    Plaintiff and the Class Members are not sophisticated experts about corporate branding, labeling and packaging practices. Plaintiff and the Class acted reasonably when they purchased the Purex Crystals products based on their belief that Defendant's representations were true and lawful.

54.    Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased the Purex Crystals products on the same terms absent Defendant's illegal and misleading conduct as set forth herein; (b) they purchased the Purex Crystals products due to Defendant's misrepresentations and deceptive packaging in containers made, formed or filled as to be misleading and containing non-functional slack-fill; and (c) the Purex Crystals] products did not have the quantities as promised.

55.    On or about July 28, 2017, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code 1782(a). Plaintiff sent Henkel Corporation, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.

56.    Wherefore, Plaintiff seeks injunctive relief for these violations of the CLRA.

- 14 -
CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

57.    Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

58.    Plaintiff brings this claim individually and on behalf of the Members of the Class for Defendant's violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.

59.    The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising…"

60.    Defendant violated California law because the Purex Crystals products are packaged in containers made, formed or filled as to be misleading and that contain nonfunctional slack-fill and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

### "Unlawful" Prong

61.    Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CFPLA, California Business & Professions Code § 12601 et seq.

62.    Specifically, Defendant violated section 12606 of the Business and Professions Code, in that Defendant packaged its Purex Crystals  products in nonconforming type containers. Said non-conforming packages contained extra space by volume in the interior of the container. The extra space provided no benefit to the contents of the packaging and misled consumers. In addition, Defendant packaged its Purex Crystals products in containers made, formed, or filled as to be misleading to a potential customer as to the actual size and filling of the package with Defendant's Purex Crystals products.

### "Unfair" Prong

63.    Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is

immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's advertising is of no benefit to consumers.

### "Fraudulent" Prong

64. Defendant violated the "fraudulent" prong of the UCL by misleading Plaintiff and the Class to believe that the Purex Crystals products contained more content than they actually contain and that such packaging and labeling practices were lawful, true and not intended to deceive or mislead consumers.

65. Plaintiff and the Class Members are not sophisticated experts about the corporate branding, labeling, and packaging practices of the Purex Crystals products. Plaintiff and the Class acted reasonably when they purchased the Purex Crystals products based on their belief that Defendant's representations were true and lawful.

66. Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased Purex Crystals products on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price for the Purex Crystals products due to Defendant's misrepresentations; and (c) the Purex Crystals products did not have the quantities as represented.

67. The conduct of Defendant as set forth above demonstrates the necessity for granting injunctive relief restraining such and similar acts of unfair competition pursuant to California Business and Professions Code. Unless enjoined and restrained by order of the court, Defendant will retain the ability to, and may engage in, said acts of unfair competition, and misleading advertising. As a result, Plaintiff and the Class are entitled to injunctive and monetary relief.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW

### CAL. BUS. & PROF. CODE §§ 17500, *et seq.*

68. Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

- 16 -

69.     Plaintiff brings this claim individually and on behalf of the Members of the Class for Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq.

70.     Under the FAL, the State of California makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

71.     Defendant engaged in a scheme of offering misbranded Purex Crystals products for sale to Plaintiff and the Class Members by way of packaging the Purex Crystals products in containers made, formed or filled as to be misleading and which contain nonfunctional slack-fill. Such practice misrepresented the content and quantity of the misbranded Purex Crystals products. Defendant's advertisements were made in California and come within the definition of advertising as contained in Bus. & Prof Code §§ 17500, et seq. in that the product packaging was intended as inducements to purchase Defendant's Purex Crystals products. Defendant knew its conduct was unauthorized, inaccurate, and misleading.

72.     Defendant violated California law because the Purex Crystals products are packaged in containers made, formed or filled as to be misleading and which contain non-functional slack-fill and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

73.     Defendant violated Section 17500, et seq. by misleading Plaintiff and the Class to believe that the Purex Crystals product packaging contains more Purex Crystals product than it in fact contains, as described herein.

74.     Defendant knew or should have known, through the exercise of reasonable care that the Purex Crystals products were and continue to be misbranded, and that its representations about the quantities of the Purex Crystals products were untrue and misleading.

75.     Plaintiff and the Class Members lost money or property as a result of Defendant's

- 17 -
CLASS ACTION COMPLAINT

FAL violations because (a) they would not have purchased the Purex Crystals products on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price for the Purex Crystals products due to Defendant's misrepresentations; and (c) the Purex Crystals products did not have the benefits, or quantities as promised, and as a result the class is entitled to monetary and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

(A)    For an Order certifying this action as a class action and appointing Plaintiff as class representatives, and designating Plaintiff's counsel as counsel for the Class;

(B)    For an Order declaring that Defendant's conduct violated the CLRA, Cal. Civ. Code § 1750, et seq., and awarding (i) injunctive relief, (ii) costs of suit, and (iii) reasonable attorneys' fees;

(C)    For an Order declaring that Defendant's conduct violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq., and awarding (i) injunctive relief, (ii) actual damages, (iii) prejudgment and post judgment interest; (iv) exemplary and/or punitive damages pursuant to Cal. Civ. Code § 3294, (v) costs of suit, and (iv) reasonable attorneys' fees pursuant to, inter alia, Cal. Code of Civ. Proc § 1021.5;

(D)    For compensatory damages in amounts to be determined by the Court and/or jury;

(E)    For prejudgment interest on all amounts awarded;

(F)    For an order of restitution and all other forms of equitable monetary relief, as pleaded;

(G)    For injunctive relief as pleaded or as the Court may deem proper;

(H)    For an Order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit as pleaded; and

(I)    For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: July 28, 2017                                    Respectfully submitted,


By: */s/ Ronald A. Marron*
RONALD A. MARRON
*ron@consumersadvocates.com*
**LAW OFFICES OF**
**RONALD A. MARRON**
Michael Houchin
Adam Belsey
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Counsel for Plaintiff and the Proposed***
***Class***

- 19 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Michael Houchin SBN 305541<br>Law Offices of Ronald A. Marron<br>651 Arroyo Drive<br>San Diego, CA 92103 | | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
| TELEPHONE NO.: 619-696-9006 FAX NO.: | | **07/28/2017** at 12:38:30 PM |
| ATTORNEY FOR (Name): Plaintiff | | Clerk of the Superior Court<br>By Laura Melles,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92103
BRANCH NAME: Central

CASE NAME:
Claudine Macaspac v. Henkel Corporation

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2017-00027801-CU-FR-CTL |
| | | | | JUDGE: Judge Eddie C Sturgeon |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ✔ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (*not specified above*) (43)

2. This case ✔ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✔ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. ✔ monetary b. ✔ nonmonetary; declaratory or injunctive relief c. ☐ punitive

4. Number of causes of action (*specify*): 3

5. This case ✔ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: July 28, 2017
Michael Houchin
_____
(TYPE OR PRINT NAME)
► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

PLAINTIFF(S) / PETITIONER(S):    Claudine Macaspac

DEFENDANT(S) / RESPONDENT(S):    Henkel Corporation

CLAUDINE MACASPAC VS. HENKEL CORPORATION [E-FILE]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER:<br>37-2017-00027801-CU-FR-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Eddie C Sturgeon                                   Department: C-67

**COMPLAINT/PETITION FILED:** 07/28/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/02/2018 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

**NOTICE OF CASE ASSIGNMENT**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00027801-CU-FR-CTL          CASE TITLE: Claudine Macaspac vs. Henkel Corporation [E-File]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME: Central

PLAINTIFF(S): Claudine Macaspac

DEFENDANT(S): Henkel Corporation

SHORT TITLE: CLAUDINE MACASPAC VS. HENKEL CORPORATION [E-FILE]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2017-00027801-CU-FR-CTL |
|---|---|

Judge: Eddie C Sturgeon                                           Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                 ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

_____                        _____
Name of Plaintiff                                Name of Defendant

_____                        _____
Signature                                        Signature

_____                        _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                        _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/31/2017                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1